RECEIVED

MAY 17 2007

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| JAMES TRUETT FIETZ<br>KYLE W. HALTER<br>AMERICAN PREARRANGED SERVICES, INC. | CIVIL ACTION NO. 05-0064 |
| VS. | JUDGE DOHERTY |
| SOUTHLAND NATIONAL INS. CO. | MAGISTRATE JUDGE METHVIN |

### RULING ON AMOUNT OF RULE 37(d) SANCTIONS

On April 5, 2007, the undersigned magistrate judge ordered, pursuant to F.R.Civ.P. 37(a)(4) of the Federal Rules of Civil Procedure, defendant to pay the reasonable expenses and attorney fees of plaintiffs caused by defendant's failure to respond to outstanding discovery.[1] Plaintiffs were ordered to file a motion and affidavit of fees and costs incurred in filing the motion to compel. That affidavit is now before the court.[2] Defendant does not oppose the affidavit.[3]

Plaintiffs seek an award of $1,161.01 in legal fees and costs. Plaintiffs request an hourly rate of $150.00 for attorneys Roger Phipps and Evanthea Phipps who detail 7 hours spent in connection with preparing the motion to compel, as well as costs incurred of $111.01.

Rule 37(a)(4) FED. R. CIV. P. provides that when a motion to compel is granted the court shall require the party whose conduct necessitated the motion to pay to the moving party the reasonable expenses incurred in making the motion, including reasonable attorneys' fee.

---

[1] Rec. Doc. 97.

[2] Rec. Doc. 114.

[3] On May 10, 2007, defense counsel's office notified the undersigned's office that no opposition would be filed.

2

Reasonable attorneys' fees are determined by multiplying the reasonable hours expended by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 434 (1983). The calculation of reasonable hours requires a determination of whether the total number of hours claimed were reasonable and whether specific hours claimed were reasonably expended. League of United Latin American Citizens #4552 (LULAC) v. Rosco Independent Sch. Dist., 119 F. 3d 1228, 1232 (1997). A reasonable hourly billing rate is based on the "prevailing market rates in the relevant community." Blum v. Stenson, 465 U.S. 886, 895 (1984).

Considering the foregoing, and that the motion is unopposed, the undersigned concludes that an award of $1,161.01 reasonably compensates plaintiffs for the expenses incurred in brining the motion to compel.

**IT IS THEREFORE ORDERED** that defendant shall forward payment to plaintiffs' counsel of record the sum of $1,161.01 within thirty (30) days following receipt of this order.

Signed at Lafayette, Louisiana on May 17, 2007.

COPY SENT:
DATE: 5/18/07
BY: CW
TO: MEM

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, LA 70501
(337) 593-5140     FAX 593-5155