RECEIVED
DEC - 7 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| JAMES TRUETT FIETZ, KYLE W. HALTER AND AMERICAN PREARRANGED SERVICE, INC. | CIVIL ACTION NO. 05-64 |
| VERSUS | JUDGE DOHERTY |
| SOUTHLAND NATIONAL INSURANCE CORPORATION | MAGISTRATE JUDGE METHVIN |

## MEMORANDUM RULING

Currently pending in this matter are the following motions: (1) plaintiffs' Motion for Partial Summary Judgment [Rec. Doc. 116][1]; (2) defendant's Motion to Strike Plaintiff's Motion for Partial Summary Judgment [Rec. Doc. 127][2]; (3) plaintiffs' Motion for a Ruling [Rec. Doc. 138][3]; (4) plaintiffs' Motion for Expedited Hearing on their Motion for a Ruling [Rec. Doc. 137][4]; and (5) defendant's Motion for Leave to file a reply brief to their Motion to Strike. [Rec. Doc. 144]

---

[1] In this motion, plaintiffs seek summary judgment in their favor ". . . on the issue of the liability of Southland, for 'fraudulent suppression' under Alabama Law." [Rec. Doc. 116, p.1]

[2] The full title of the memorandum in support of defendant's Motion to Strike is: "Memorandum in Support of Motion to Strike Motion for Partial Summary Judgment on Purported Claims for Fraudulent Suppression, and in the alternative, Opposition to Plaintiffs' Motion for Partial Summary Judgment on Claims for Fraudulent Suppression."

[3] Specifically, plaintiffs move the Court for a Ruling which finds plaintiffs' Motion for Partial Summary Judgment (on their claim of fraudulent suppression) was timely filed; alternatively, plaintiffs' move for an "enlargement of time for filing their Motion For Partial Summary Judgment On Claim Of Fraudulent Suppression." [Rec. Doc. 138, p.1]

[4] The full title of this motion is: "Motion for Expedited Hearing with Incorporated Memorandum on 'Plaintiffs' Motion for a Ruling that their 'Motion for Partial Summary Judgment on Claim of Fraudulent Suppression' was Timely Filed, or Alternatively Plaintiffs' Motion for Enlargement of Time for Filing Motion for Partial Summary Judgment on Claim of Fraudulent Suppression.'" [Rec. Doc. 137]

## 1. Plaintiffs' Motion for Partial Summary Judgment

The factual and procedural background in this matter have previously been articulated by this Court, as well as the Magistrate Judge. [See Rec. Docs. 98, 126 and 149] In this motion, Mr. Halter and Mr. Fietz move the Court for summary judgment in their favor, finding defendant liable to plaintiffs on a claim for "fraudulent suppression" under Alabama law.[5][6] The crux of plaintiffs' argument is that:

> During negotiations with Southland's President, Dennis Painter . . ., Mr. Halter specifically inquired about Southland's capacity and willingness to supply capital to pay marketing costs, commissions, and provide necessary reserves that would be required if Mr. Halter and Fietz directed a large volume of business to Southland. . . . Under Alabama law, Mr. Halter's inquiry created a duty for Southland to provide correct information.

[Rec. Doc. 116, pp. 2-3] Plaintiffs allege Southland violated this duty, because "[w]hile Mr. Painter was President, Southland did not inform either Mr. Fietz and/or Mr. Halter that Southland was in fact unwilling to supply the capital required to pay marketing costs, commissions, and provide necessary reserves to support the business they [plaintiffs] were bringing to Southland." [Id. at 12] Plaintiffs further argue the suppression of this material fact was the proximate cause of Mr. Halter and Mr. Fietz's injury. Plaintiffs conclude:

---

[5] This motion is not brought on behalf of American Prearranged Service, Inc. ("APSI").

[6] Plaintiff counsel states in the supporting memorandum that the Magistrate Judge ruled Alabama law is applicable to the claim of fraudulent suppression. Plaintiff counsel is misleading the Court. The Magistrate Judge has never addressed a claim of fraudulent suppression, as it has never been before the Court. The only claims addressed in the Magistrate Judge's Ruling were detrimental reliance, unjust enrichment, breach of contract and defamation. (Plaintiffs' statement in the pending opposition, that notice was provided in their opposition memorandum before the Magistrate Judge "that the theory of fraudulent suppression would be advanced if the Court applied Alabama law to the facts in this case" has no bearing on whether or not such a claim was actually addressed.) Defense counsel does not address the choice-of-law issue, but merely presumes Alabama law is applicable. Despite the fact no determination has been made as to the law applicable to this claim, the Court finds plaintiffs' claim nevertheless fails for the reasons discussed, *infra*.

> [S]ummary judgment must be granted on the issue of Southland's liability to Mr. Halter and Mr. Fietz for its fraudulent suppression of a material fact on which Plaintiffs' [sic] relied and thereafter suffered injury. Thereafter, regarding this claim, the only matter that requires a jury trial on the merits is a determination of Plaintiffs' damages."

[Id. at 14]

### A. **Summary Judgment Standard**

"A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof." FED. R. CIV. PROC. 56(a). Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. PROC. 56(c). Additionally, " [a] summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages." Id.

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

FED. R. CIV. PROC. 56(e).

As summarized by the Fifth Circuit in Lindsey v. Sears Roebuck and Co., 16 F.3d 616, 618 (5th Cir. 1994)(citations and internal quotations omitted):

> When seeking summary judgment, the movant bears the initial responsibility

of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). . . . Only when there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party is a full trial on the merits warranted.

The Supreme Court has instructed:

In ruling upon a Rule 56 motion, "a District Court must resolve any factual issues of controversy in favor of the non-moving party" only in the sense that, where the facts specifically averred by that party contradict facts specifically averred by the movant, the motion must be denied. That is a world apart from "assuming" that general averments embrace the "specific facts" needed to sustain the complaint. As set forth above, Rule 56(e) provides that judgment "shall be entered" against the nonmoving party unless affidavits or other evidence "set forth specific facts showing that there is a genuine issue for trial." The object of this provision is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit. Rather, the purpose of Rule 56 is to enable a party who believes there is no genuine dispute as to a specific fact essential to the other side's case to demand at least one sworn averment of that fact before the lengthy process of litigation continues.

Lujan v. National Wildlife Federation, 497 U.S. 871, 884, 888-89 (1990)(quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986)).

The Fifth Circuit has further elaborated:

[The parties'] burden is not satisfied with 'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence. We resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts. ...[S]ummary judgment is appropriate in *any* case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant.

Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)(citations and internal quotations omitted).

Finally, in evaluating evidence to determine whether a factual dispute exists, "credibility determinations are not part of the summary judgment analysis." Id. To the contrary, "in reviewing

all the evidence, the court must disregard all evidence favorable to the moving party that the jury is not required to believe, and should give credence to the evidence favoring the nonmoving party, as well as that evidence supporting the moving party that is uncontradicted and unimpeached." Roberts v. Cardinal Servs., 266 F.3d 368, 373 (5th Cir. 2001).

**B. Analysis**

As noted above, plaintiffs move this Court for partial summary judgment against defendant "on the issue of the liability of Southland, for 'fraudulent suppression' under Alabama law." [Rec. Doc. 116, p. 1] In opposition, defendant argues: (1) "plaintiffs' motion for partial summary judgement is untimely and should not even be considered" [Rec. Doc. 127-2, p.3]; (2) "plaintiffs have never asserted claims for fraudulent suppression" [Id. at 3]; and (3) substantively, the motion is without merit.

Again, FED. R. CIV. P. 56(c) mandates the entry of summary judgment "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In this matter, summary judgment is not appropriate on a claim of "fraudulent suppression," as no such claim has been pled before this Court. Rule 3 states, "A civil action is commenced by filing a complaint with the court." Rule 7 lists the various "pleadings" allowed in federal court - complaints, answers, answers to crossclaims, etc.; the list does not include summary judgment motions, or any other motion. Rule 8(a) ("General Rules of Pleading") states: "A pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Rule 9(b) ("Pleading Special Matters" - "Fraud, Mistake, Condition of Mind") requires: "In all averments of fraud or mistake, the

circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." As noted by the Fifth Circuit:

> What constitutes "particularity" will necessarily differ with the facts of each case. At a minimum, Rule 9(b) requires allegations of the particulars of time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby. Put simply, Rule 9(b) requires the who, what, when, where, and how to be laid out.

Benchmark Electronics, Inc. v. J.M. Huber, Corp., 343 F.3d 719, 724 (5th Cir. 2003) (internal quotations and citations omitted.)

In this matter, plaintiffs have not complied with the applicable Federal Rules, particularly Rule 9(b). Plaintiffs' complaint does not contain any averments of fraud (specific or implied), it does not state the "circumstances constituting fraud . . . with particularity," nor does it state "the who, what, when, where, and how" such fraudulent suppression occurred.[7] Consequently, plaintiffs

---

[7] Even if the "special" pleading requirements of FED. R. CIV. P. 9 were not applicable to a claim for fraudulent suppression, it appears plaintiffs still would not be entitled to summary judgment, as the pleadings in this matter likely do not even comply with the more liberal "notice" pleading standard allowed by Rule 8(a). However, the Court need not address that issue, as it finds a claim of fraudulent suppression must first be pled, and it must be pled with particularity. Here, the claim was not pled at all. The only assertion in plaintiffs' complaint even approaching an allegation of fraud is found at paragraph 24, which states, "Before Messrs. Fietz and Halter agreed to become associated with Southland and secure substantial business for Southland, Southland misrepresented to Messrs. Fietz and Halter that they would have a longterm [sic] business relationship with Southland." This allegation is not sufficient under Rule 9 for an assertion of fraud.

Furthermore, under Alabama law, a claim of fraudulent suppression requires:

> (1) that the defendant had a duty to disclose material facts; (2) that the defendant concealed or failed to disclose those facts; (3) that the concealment or failure to disclose induced the plaintiff to act; and (4) that the defendant's action resulted in harm to the plaintiff.

Bethel v. Thorn, 757 So.2d 1154, 1162 (Ala. 1999)(internal quotations omitted); *see also* Ala. Code 1975 § 6-5-102 ("Suppression of a material fact which the party is under an obligation to communicate constitutes fraud.") In this matter, plaintiffs have not alleged any facts in their complaint which would

have failed to make a prima facie showing that they are entitled to judgment as a matter of law on the issue of defendant's liability for a claim of fraudulent suppression, and the motion is therefore **DENIED.**[8][9][10]

## II. Defendant's Motion to Strike Plaintiff's Motion for Partial Summary Judgment on the Claim for Partial Summary Judgment

Defendant moves the Court to strike, pursuant to FED. R. CIV. P. 12(f), "Plaintiffs' motion for partial summary judgment (Rec. 116), and their purported claims for fraudulent suppression." [Rec. Doc. 127, p. 1] As the Court has determined no claim for fraudulent suppression is before it,

---

put defendant on notice they intended to assert a claim of fraudulent suppression.

[8] Plaintiffs attempt to overcome their insufficient pleadings by arguing in the first section of their supporting memorandum that Southland had notice plaintiffs intended to pursue a claim for fraudulent suppression if Alabama law were applied, because in plaintiffs' October 16, 2006 memorandum in opposition to a motion in limine filed by Southland, plaintiffs stated at page 16 of that 37 page document, "additionally, were the Court to decide to apply Alabama law to the facts asserted by Mr. Halter and Mr. Fietz, they would contend that under Alabama law their claim would be more appropriately characterized as 'fraudulent suppression' rather than 'promissory estoppel.'" Plaintiffs argument fails. See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1959 (2007)("Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true."); Coon v. Georgia Pacific Corp., 829 F.2d 1563, 1568 (11th Cir. 1987) ("She [plaintiff] never moved to amend her complaint, and the inclusion of claims in the pre-trial stipulation, the mention of them in discovery and the filing of motions concerning those claims were not a substitute for the factual allegations of a complaint under Fed. R. Civ. P. 8(a)"); Mitchell v. Random House, Inc., 865 F.2d 664, n.8 (5th Cir. 1989).

[9] As this case was originally filed in Louisiana state court and later removed to this Court, and as the parties have argued Alabama law is applicable to this claim, the Court looked not only to pleading requirements under federal law, but additionally looked to both Louisiana and Alabama pleading requirements. The Court notes both states require fraud to be pled with particularity. See La. C.C.P. art. 856 and ALA. R. CIV. P. 9(b). See also Smith v. National Sec. Ins. Co., 860 So.2d 343, 346 (Ala 2003)(although pleader need only put the defending party on notice of the claims against him, Rule 9(b) qualifies the generalized pleadings permitted by Rule 8(a), and requires pleader to state the place, time, and contents or substance of the false representations, the facts misrepresented, and an identification of what has been obtained.)

[10] As the Court denies plaintiffs' motion on the basis that the claim of fraudulent suppression is not before it, the Court need not reach defendant's other arguments. However, the Court merely notes it would not deny the motion on the basis that plaintiffs' motion is untimely. (By defendant's calculation, plaintiffs' motion was filed three days after the deadline.) Even if the Court were to find the motion untimely, plaintiffs have stated good cause for any delinquency on their part.

the motion to strike is **MOOT**. However, the Court notes Rule 12(f) only authorizes a district court (upon proper showing) to "order stricken from any *pleading* any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." (Emphasis added.) A motion for partial summary judgment, as well as any other motion, is not a "pleading." FED. R. CIV. P. 7; Principal Health Care of Louisiana, Inc. v. Lewer, 38 F.3d 240, 244 (5th Cir. 1994)(motion for summary judgment wherein plaintiff initially asserted insurance policy provided no coverage did not qualify as a pleading).[11] As such, a motion to strike would not be the proper procedural vehicle for the relief defendant requests. Furthermore, Rule 12 only authorizes a court to strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matters." Rule 12's inventory of matters which may be stricken by the Court does not include a claim for relief - i.e., a claim of fraudulent suppression.

## V. Conclusion

For the foregoing reasons, the Motion for Partial Summary Judgment [Rec. Doc. 116], filed by James Truett Fietz and Kyle W. Halter is **DENIED** in its entirety, and the Motion to Strike Plaintiff's Motion for Partial Summary Judgment on Purported Claims for Fraudulent Suppression

---

[11] *See also* Shah v. Chertoff 2007 WL 2948362, *5 (N.D.Tex.)("evidence submitted in support of a Rule 56 motion for summary judgment is not considered a motion or pleading for purposes of Rule 12"); York v. Ferris State Univ., 36 F.Supp.2d 976, 980 (W.D.Mich.1998)(holding Rule 12(f) only applies to "pleadings," which are not affidavits); Carlson Mktg. Group, Inc. v. Royal Indem. Co., 2006 WL 2917173, *2 (D.Minn.)(neither a memorandum nor an affidavit submitted in connection with a motion for summary judgment is a pleading for purposes of Rule 12(f)).

[Rec. Doc. 127], filed by Southland Insurance Corporation, is **DENIED** as **MOOT**.[12]

Signed this the ___6___ day of ___December___, 2007.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

---

[12] Due to the above, the following motions are **DENIED** as **MOOT**: (1) defendant's Motion for Leave to File a Reply Memorandum to its Motion to Strike [Rec. Doc. 144], plaintiffs' Motion for an Expedited Hearing [Rec. Doc. 137], and plaintiffs' Motion for a Ruling [Rec. Doc. 138].

-9-